**Hazel M. MARTIN, Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

**No. 18583.**

United States Court of Appeals
Sixth Circuit.

March 20, 1969.

David E. Carmack, Atty., Dept. of Justice, Washington, D. C., for appellant, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Grant W. Wiprud, Attys., Dept. of Justice, Washington, D. C., on the brief.

Herman E. Frick, Louisville, Ky., for appellee, Richard L. Hitchcock, Louisville, Ky., on the brief.

Before WEICK, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court holding that certain payments received by appellant under a coal mining lease during the tax years 1960 to 1963 constituted amounts realized from the disposal of coal and should be treated under § 631(c) [1] of the Internal Revenue Code of 1954 as amounts received for the sale of a capital asset instead of ordinary income.

The facts are stipulated by the parties. Hazel M. Martin, appellant-taxpayer, owned both the mineral and surface rights in a certain tract of land in Muhlenberg County, Kentucky, hereinafter referred to as the "Martin Tract". She also owned the surface rights and an undivided fractional interest in the mineral rights in a second, adjacent tract, hereinafter referred to as the "Heirs Tract". On April 17, 1958, Martin executed a mining lease covering both tracts to the Kirkpatrick Mining Company. Pursuant to the terms of this lease, she received the amounts which are the subject of this action.

Taxpayer evidently reported all amounts received under the lease as gains from the sale of a capital asset. The Commissioner determined that a portion of these payments, five cents per ton of coal removed from the Heirs' Tract, was ordinary income and accordingly assessed a deficiency. Taxpayer paid the deficiency and sued in the District Court for a refund.

1. During the years in question, § 631(c) provided in part:
DISPOSAL OF COAL WITH A RETAINED ECONOMIC INTEREST.— In the case of the disposal of coal (including lignite), held for more than 6 months before such disposal, by the owner thereof under any form of contract by virtue of which such owner retains an economic interest in such coal, the difference between the amount realized from the disposal of such coal and the adjusted depletion basis thereof * * * shall be considered as though it were a gain or loss, as the case may be, on the sale of such coal.

Paragraphs 3(a) and 12 of the lease set forth the amounts to be received for the coal extracted from both tracts by the strip mining method, which was used exclusively during the years in question. Paragraph 3(a) provides:

For Coal mined by the strip method of mining from land the surface of and coal in which is owned by Lessor fifteen cents for each ton of #9 and #11, and ten cents per ton for any merchantable #12.

Paragraph 12 provides:

If the Lessor owns a less interest in any tract or tracts of the leased premises than the entire and undivided interest therein, then the royalties herein provided accruing on coal from such tract or tracts shall be paid Lessor only in the proportion which her interest therein bears to the whole and undivided fee of such tract.

In addition to these payments, Paragraph 3(b) provides:

For coal mined by the strip method of mining from land the surface of which is owned by Lessor, but in which the Lessor does not own all the coal, five cents for each ton *for the use of said surface.* (Emphasis added).

The District Court held that the payments received by taxpayer under this Paragraph were also for "the disposal of coal" and, therefore, under § 631(c), should be treated as gains from the sale of a capital asset. We find, however, that these payments were received for the use of the surface of the Heirs' Tract, as specified in the lease, and were distinct from those amounts received under Paragraphs 3(a) and 12 for the disposal of coal extracted by the strip mining method. Although in Omer v. United States, 329 F.2d 393 (6th Cir. 1964), the taxpayer owned only the surface rights in the land in question, nevertheless the rationale of that case is clearly controlling here. As this court stated in United States v. Brown Wood Preserving Co., 275 F.2d 525 (6th Cir. 1960):

Capital gains is an exception to the general rule that income is taxable as ordinary income. * * * Accordingly, the statute is not to be broadly applied but is narrowly construed in order to protect the revenue. 275 F.2d at 529.

The decision of the District Court is reversed and the case is remanded for proceedings consistent with this opinion.